UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TURNER C. THOMAS                              CIVIL ACTION

VERSUS                                        NO: 05-1611

ANTHONY AMATO, ET AL.                         SECTION: "R"(4)


### ORDER AND REASONS

Before the Court is defendants' motion for summary judgment. For the following reasons, the Court GRANTS the defendants' motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2003, the Orleans Parish School Board voted to suspend its hiring policy in order to give the superintendent greater flexibility in selecting supervisory and administrative personnel.  Suspension of the policy was designed to allow the superintendent to make new hires more quickly as the new school year approached.

On August 11, 2003, plaintiff Turner C. Thomas alleges that he read about the newly-created position of Coordinator of Sports Services, Health and Physical Education in the minutes and agenda

of a recent Board meeting, printed in the *Superintendent's Bulletin*.  Thomas alleges that he applied for the position in a letter to school superintendent Anthony Amato on August 13, 2003.  At the time, Thomas was 71 years-old.  He had previously served in several supervisory positions within the school board, including positions in the athletic department.  He also had several disciplinary incidents on his record, most recently, involuntary removal from his position as principal of L.B. Landry High School in 1994.  After his removal from that position, Thomas retired from the school system.  According to the Board, it did not receive a letter of application for the new Coordinator position from Thomas.

In late August 2003, the Board hired Frank Wilson to be the Coordinator for Sports Services, Health and Physical Education.  At the time, Wilson was allegedly 29 years old.  On April 27, 2005, Thomas sued the Board for failure to hire under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34[1].  The Board now moves for summary judgment.

---

[1] The ADEA makes it unlawful "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).

**II.   LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that

establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.**    **Applicable Standard**

A claim under the ADEA comes under the same analytical framework as claims for racial discrimination under Title VII. *See Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001). A Title VII plaintiff can use either direct or circumstantial evidence to prove a case of intentional discrimination. *Portis v. First Nat. Bank of New Albany, Miss.*, 34 F.3d 325, 328 (5th Cir. 1994). The Fifth Circuit has noted that direct evidence is rare in discrimination cases. *See id.* "Direct evidence is evidence which, if believed, proves the fact of [intentional discrimination] without inference or presumption." *Brown v. East Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993). The Fifth Circuit has defined "direct evidence" as including "any statement or written document showing a discriminatory motive on its face." *Portis*, 34 F.3d at 329 (citing *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990). The Court concludes that plaintiff has not submitted any facts that provide direct

evidence of defendants' alleged age discrimination.[2]

Thus, under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), Thomas here must use circumstantial evidence to satisfy his initial burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. Thomas can establish a *prima facie* case in the discrimination context once he has proved that he: (1) is a member of a protected class; (2) was qualified and applied for the position; (3) was rejected for the job; and (4) the employer continued to seek applicants with plaintiff's qualifications. *See Adams v. Reed*, 567 F.2d 1283, 1285 (5th Cir. 1978).

If the Court finds that Thomas is successful in establishing a *prima facie* case of discrimination or retaliation, then the burden shifts to the defendants to produce a legitimate, nondiscriminatory reason for their employment actions. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). If the Board articulates such a justification, then the inference of discrimination or retaliation created by the plaintiff's *prima facie* case "drops out of the picture" and the Court must "decide

---

[2] Although Thomas argues that the Board circumvented its prescribed hiring criteria in filling the new position, Thomas does not establish or even allege that this circumvention was designed or had the effect of discriminating against applicants based on age.

the ultimate question: whether [the] plaintiff has proved [intentional discrimination]." *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12 (1993). In doing so, the Court can take into consideration any evidence presented by the plaintiff demonstrating that defendants' explanation for their actions were a pretext for discrimination or retaliation. *See Evans*, 246 F.3d at 350 (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000)). "Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 148.

### B. Discrimination Claims

Thomas alleges that the Board discriminated against him because it did not hire him based on his age. Thomas must first state a prima facie case by establishing that he (1) is a member of a protected class; (2) was qualified and applied for the position; (3) was rejected for the job; and (4) the employer continued to seek applicants with plaintiff's qualifications. There is no dispute that Thomas was a member of a protected class: at the time of the hiring decision, he was over forty years old. 29 U.S.C. § 631(a).

As to the remaining elements of his *prima facie* case, Thomas states in an affidavit that he mailed a letter of application to Schools Superintendent Anthony Amato, (R. Doc. 16-2, ¶ 2). Thomas also offers the affidavit of John Webb, Jr., indicating that Thomas mailed the application to Amato on August 13, 2003. (R. Doc. 50-2, ¶ 6). Amato, however, states in an affidavit that he never received the letter and was never notified of Thomas's interest in the position. (R. Doc. 34-4, ¶¶ 3-4).

Even if Thomas raises an issue of fact as to whether the Board never received his application, Thomas has not adduced evidence that shows that the Board's justification was a pretext for age discrimination. *See Evans*, 246 F.3d at 351; *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). Such evidence must tend to prove "that the true reason behind the [Board]'s decision . . . was that of . . . age discrimination." *Evans*, 246 F.3d at 351. Even though evidence of the falsity of the employer's proffered justification can, in appropriate cases, be evidence of pretext, Thomas brings no evidence that would hint at pretext. The only evidence that Thomas has brought is that he sent an application and never heard back; this evidence, if true, would not support a jury's finding of pretext, and, ultimately, age discrimination. Accordingly, the Board is entitled to summary judgment.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment.

New Orleans, Louisiana, this __10th__ day of May, 2007.

							*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT